JUSTICE LEAPHART,
concurring.
¶72 I concur. The Opinion correctly notes that an easement is a “nonpossessory interest” in land-a right which one person has to “use” the land of another. Opinion, ¶ 16. I cannot reconcile this definition with the proposition that a person, in exercising such a “nonpossessory” interest via a flood easement, can, through the theory of incidental or secondary easement, completely take or destroy the servient estate through erosion. Opinion, ¶ 37. To my way of thinking, destruction through erosion amounts to the ultimate “possession” of the property. Contrary to the definition of an easement-this is a “taking” of the property as opposed to a mere nonpossessory use.
¶73 However, since the Opinion does leave open the question of whether the complained of erosion was and is reasonably necessary during the times referenced, I forego my definitional reservations and concur.